795 So.2d 51 (2001)
STANDARD JURY INSTRUCTIONS CIVIL CASES (NO. 00-1).
No. SC00-1805.
Supreme Court of Florida.
March 8, 2001.
Honorable Peter D. Webster, Chair, Supreme Court Committee on Standard Jury Instructions (Civil), Tallahassee, FL, for Petitioner.
PER CURIAM.
The Committee on Standard Jury Instructions (Civil) petitions this Court to amend the Standard Jury Instructions in Civil Cases. We have jurisdiction. Art. V, § 2(a), Fla. Const.; Fla.R.Civ.P. 1.985.
The Committee published its proposed amendments for comment in The Florida Bar News. One comment was received regarding proposed instruction 1.0, "Preliminary Voir Dire Instruction," and three comments were received regarding proposed new instruction 7.4, "Instruction upon Discharge of Jury." Proposed instruction 7.4 was republished with additional language and minor stylistic changes. After republication, no further comments were received.
Upon consideration, we hereby authorize for publication and use the proposed amendments as set forth in the appendix attached to this opinion. We highlight *52 instruction 1.0, "Preliminary Voir Dire Instruction," which contains new language informing jurors that if they violate their oath to answer all voir dire questions truthfully, they may be subject to civil or criminal penalties. This amendment emphasizes to jurors that candor during voir dire questioning is not only critical to the integrity of the judicial system, but also mandatory under the law.
In authorizing publication, we caution all interested persons that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. We express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. The amendments shall be effective when this opinion becomes final. New language is indicated by underlining and deletions are indicated by struck-through type. We wish to express our appreciation to the committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

1.0

PRELIMINARY VOIR DIRE INSTRUCTION
The attorneys and I will be asking you questions to help us decide which of you will serve as jurors in this case. The questions are asked to determine if your decision in this case might be influenced by some personal experience or special knowledge that you have concerning the subject of this trial, the parties, witnesses, or attorneys or by opinions that you now hold. It is not unusual for people to have strong feelings about certain subjects or to identify with or feel some partiality toward one side or the other. However, it would be a violation of your oath as prospective jurors to fail to answer truthfully and as completely as possible our questions about such matters.
Please understand that these questions are not meant to embarrass you or to pry into your personal affairs. They are intended to obtain a fair and impartial jury to try this case. It is your duty to answer completely and truthfully all of the questions that will be asked of you. Any failure to answer truthfully and completely may require this case to end in a mistrial or to be tried again.
(At the beginning of voir dire, the court should tell prospective jurors about the nature of the case and the date and place of the occurrence. The parties and their attorneys should be introduced. Potential witnesses may be named. The court may wish to give jurors additional information about the trial or court procedures.)
The attorneys and I will now ask you questions to help us select jurors for this case. We want to know if some personal experience or special knowledge might influence your decision. We also want to know if your personal opinions might affect your decision. Please understand that these questions are not meant to embarrass you or to pry into your personal affairs. People often have strong feelings that they may be reluctant to disclose, but you have sworn in this case to answer all questions truthfully and completely and you must do so. If you do not understand a question, raise your hand or ask for an explanation. Remaining silent when you have information to disclose is as much a *53 violation of your oath as making a false statement. A violation of your oath to tell the whole truth would be very serious and could result in civil and criminal penalties against you.

1.1

PRELIMINARY INSTRUCTION

Responsibility of jury and judge.
You have now been sworn as the jury to try this case. This is a civil case involving a disputed claim or claims between the parties. Those claims and other matters will be explained to you later. By your verdict[s], you will decide the disputed issues of fact. I will decide the questions of law that arise during the trial, and before you retire to deliberate at the close of the trial, I will instruct you on the law that you are to follow and apply in reaching your verdict[s]. In other words, it is your responsibility to determine the facts and to apply the law to those facts. Thus, the function of the jury and the function of the judge are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way. You should not speculate about how I might evaluate the testimony of any witness or any other evidence in this case, and you should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I say or do, except for my specific instructions to you.

Steps in trial.
Before proceeding further, it will be helpful for you to understand how a trial is conducted. In a few moments, the attorneys for the parties will have an opportunity to make opening statements, in which they may explain to you the issues in the case and summarize the facts that they expect the evidence will show. Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be received as evidence.
After all the evidence has been received, the attorneys will again have an opportunity to address you and to make their final arguments. The statements that the attorneys now make and the arguments that they later make are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you properly understand the issues, the evidence, and the applicable law, so you should give them your close attention.
Following the final arguments by the attorneys, I will instruct you on the law.

Bifurcated proceedings.
[The presentation of evidence and your deliberations may occur in two stages. The second stage, if necessary, will occur immediately after the first stage.]*
* Refer to [Note 3 of] Notes on Use of 1.1

Things to be avoided.
You should give careful attention to the testimony and other evidence as it is received and presented for your consideration, but you should not form or express any opinion about the case until you have received all the evidence, the arguments of the attorneys and the instructions on the law from me. In other words, you should not form or express any opinion about the case until you are retired to the jury room to consider your verdict[s], after having heard all of these matters.
The case must be tried or heard by you only on the evidence presented during the trial in your presence, and in the presence of the attorneys and myself. You must not conduct any investigation of your own. *54 Accordingly, you must not visit any of the places described in the evidence, or the scene of the occurrence that is the subject of the trial, unless I direct you to view the scene. Also, you must avoid reading newspaper headlines and articles relating to this case and trial. You must also avoid seeing or hearing television and radio comments or accounts of this trial while it is in progress.

Objections.
The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When a lawyer makes an objection, I will either overrule or sustain the objection. If I overrule an objection to a question, the witness will answer the question. When I sustain, or uphold, an objection, the witness cannot answer the question. If I sustain an objection, you must not speculate on what might have happened, or what the witness might have said, had I permitted the witness to answer. You should not draw any inference from the question itself.

The judge's conferences with attorneys.
During the trial, it may be necessary for me to confer with the attorneys out of your hearing, talking about matters of law and other matters that require consideration by me alone. It is impossible for me to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as necessary for a fair and orderly trial of the case.

Recesses.
During the trial we will take recesses. During these recesses you shall not discuss the case among yourselves or with anyone else, nor permit anyone to say anything to you or in your presence about the case. Further, you must not talk with the attorneys, the witnesses, or any of the parties about anything, until your deliberations are finished. In this way, any appearance of something improper can be avoided.
If during a recess you see one of the attorneys and he or she does not speak to you, or even seem to pay attention to you, please understand that the attorney is not being discourteous but is only avoiding the appearance of some improper contact with you. If anyone tries to say something to you or in your presence about this case, tell that person that you are on the jury trying this case, and ask that person to stop. If he or she keeps on, leave at once and immediately report this to the bailiff or court deputy, who will advise me.
(Explain to the jury the anticipated schedule of recesses and adjournments. The court at this point may, if appropriate, introduce the various court officials such as the clerk, bailiff or court deputy, and court reporter, explaining their duties.)
[After all the evidence has been presented, I will give you complete instructions regarding the law governing your deliberations. At this time, however, I will explain some principles of law to assist you in considering the evidence.]*

* Refer to Note 4 on Notes on Use

At this time, the attorneys for the parties will have an opportunity to make their opening statements, in which they may explain to you the issues in the case and give you a summary of the facts they expect the evidence will show.

Notes on use of 1.1NOTES ON USE
1. The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery. It may be useful in cataloging *55 the subjects to be covered in an introductory instruction.
2. Trial judges are encouraged to show their prospective jurors the videotape program for jury venires prepared by the State Court Administrator.
3. The bracketed language may be used in any case where issues are bifurcated for trial. For instance, see W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994).
4. If this instruction is used, the court may consider giving portions of one or more of the following instructions, among others:
2.1 Introductory Instruction (2nd and 3rd paragraphs)
2.2 Believability of Witnesses
3.9 Greater Weight (Preponderance) of Evidence Defined
4.1 Negligence
PL 1, 2,
3 or 4 Applicable definitions of warranties
7.1 Prejudice and Sympathy

MI 4.1

DEFAMATION:

PUBLIC OFFICIAL OR PUBLIC FIGURE CLAIMANT
The issues for your determination on the claim of (claimant) against (defendant) are:

a. Issue whether publication concerning claimant was made as claimed:
Whether (defendant) [made] [published] [broadcast] the statement concerning (claimant) as (claimant) contends; and, if so,

b. Issue whether publication was false and defamatory:
Whether (defendant's) statement concerning (claimant) was in some significant respect a false statement of fact* and [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in his business, reputation, or occupation] [or] [charged that (claimant) committed a crime].
A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.
If the greater weight of the evidence does not support the claim of (claimant) on the issues I have just mentioned, then your verdict should be for (defendant). "Greater weight of the evidence" means the more persuasive force and effect of the entire evidence in the case. However, if the greater weight of the evidence does support the claim of (claimant) on those issues, then:
* In some instances a statement of opinion may be interpretable as a false statement of fact expressly stated or implied from an expression of opinion. Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), Florida Medical Center, Inc. v. New York Post Co., Inc., 568 So.2d 454 (Fla. 4th DCA 1990).

c. Issue whether defendant acted with actual malice:
You must next determine whether clear and convincing evidence shows that at the time the statement was made (defendant) *56 knew the statement was false or had serious doubts as to its truth.
"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
If clear and convincing evidence does not show that (defendant) knew when the statement was made that it was false, or that he had serious doubts then as to its truth, your verdict should be for (defendant).
However, if clear and convincing evidence does support (claimant's) claim on this issue, and the greater weight of the evidence supports (claimant's) claim on the other issues on which I have instructed you, then your verdict should be for (claimant).
Proceed to MI 4.4, Defamation: Causation and Damages.

MI 4.2

DEFAMATION: PRIVATE CLAIMANT, MEDIA DEFENDANT
The issues for your determination on the claim of (claimant) against (defendant) are:

a. Issue whether publication concerning claimant was made as claimed:
Whether (defendant) [published] [broadcast] the statement concerning (claimant) as (claimant) contends; and, if so,

b. Issue whether publication was false and defamatory:
Whether (defendant's) statement concerning (claimant) was in some significant respect a false statement of fact* and [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in his business, reputation, or occupation] [or] [charged that (claimant) committed a crime]; and, if so,
*In some instances a statement of opinion may be interpretable as a false statement of fact expressly stated or implied from an expression of opinion. Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), Florida Medical Center, Inc. v. New York Post Co., Inc., 568 So.2d 454 (Fla. 4th DCA 1990).

c. Issue whether defendant was negligent:
Whether (defendant) was negligent in making that statement.
A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
If the greater weight of the evidence does not support the claim of (claimant) on these issues, then your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant) on these issues, then *57 your verdict should be for (claimant) and against (defendant).
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.
Proceed to MI 4.4, Defamation: Causation and Damages.

MI 4.3

DEFAMATION: PRIVATE CLAIMANT, NONMEDIA DEFENDANT WITH OR WITHOUT QUALIFIED PRIVILEGE
The issues for your determination on the claim of (claimant) against (defendant) are:

a. Issue whether a defamatory publication concerning claimant was made as claimed:
Whether (defendant) made the statement concerning (claimant) as (claimant) contends; and, if so, whether the statement [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in his business, reputation, or occupation] [or] [charged that (claimant) committed a crime].
If the greater weight of the evidence does not support the claim of (claimant) on these issues, then your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant) on these issues, then [your verdict should be for (claimant) in the total amount of his damages] [you shall consider [the defense of truth and good motives] [and] [the defense of privilege] raised by (defendant)].

b. Defense issues of truth and good motives:
On the [first] defense, the issue for your determination is whether the statement made by (defendant) was substantially true and was made by (defendant) with good motives.
A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.
If the greater weight of the evidence supports this defense, your verdict should be for (defendant).
If the greater weight of the evidence does not support this defense, [and the greater weight of the evidence does support the claim of (claimant) on the issues I previously mentioned, then your verdict should be for (claimant) in the total amount of his damages.] [then you shall consider the defense of privilege raised by (defendant).]

c. Defense issue whether defendant had qualified privilege:

If defendant has a qualified privilege as a matter of law, skip to 4.3d.
On the defense of privilege, I instruct you that provided one does not speak with improper motives, which I shall explain in a moment, a person such as (defendant) is privileged to make a statement to [someone such as (name)] [an audience such as (describe)] about another such as (claimant), even if the statement is untrue, under the following circumstances:
Describe in general terms, sufficient for the jury to understand the interests protected by law, the facts which if proved would give rise to a qualified privilege. See Comment 6.
If the greater weight of the evidence does not show that these circumstances existed, then you must find that (defendant) had no privilege to make such a *58 statement even with proper motives. However, if the greater weight of the evidence does show that (defendant) spoke under circumstances creating such a privilege, then you should determine whether, as (claimant) contends, (defendant) made the statement with improper motives abusing that privilege.

d. Issue whether defendant abused qualified privilege:
(Defendant) had a privilege to make a statement even if untrue, provided he did so with proper motives. Such a privilege existed because
Describe in general terms, sufficient for the jury to understand the interests protected by law, the facts giving rise to the qualified privilege. See Comment 6.
The issue for your determination is therefore whether, as (claimant) contends, (defendant) made the statement with improper motives abusing that privilege. One makes a false statement about another with improper motives if one's primary motive and purpose in making the statement is to gratify one's ill will, hostility and intent to harm the other, rather than [to advance or protect (defendant's) interest, right or duty to speak to (name) on that subject] [or] [to advance or protect the interests of the person to whom the statement was made].
If the greater weight of the evidence does not support the claim of (claimant) that (defendant) abused any privilege he had [and the greater weight of the evidence does support the defense of privilege], then your verdict should be for (defendant).
However, if the greater weight of the evidence does support the claim of (claimant) that (defendant) abused any privilege he had, then your verdict should be for (claimant) in the total amount of his damages.

e. "Greater weight of evidence" defined:
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.
Proceed to MI 4.4, Defamation: Causation and Damages.

7.1

PREJUDICE AND SYMPATHY JUDGE NOT INVOLVED
In reaching your verdict[s], you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict[s] must be based on the evidence that has been received and the law on which I have instructed you. In reaching your verdict[s], you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way. You should not speculate about how I might evaluate the testimony of any witness or any other evidence in this case, and you should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

7.4

INSTRUCTION UPON DISCHARGE OF JURY
Ladies and gentlemen, on behalf of the parties, lawyers and the people of the State of Florida, I wish to thank you for your time and consideration of this case.
I also wish to advise you of some very special privileges enjoyed by jurors.
*59 No juror can be required to talk about the discussions that occurred in the jury room, except by court order. For many centuries, our society has relied upon juries for consideration of difficult cases. We have recognized for hundreds of years that a jury's deliberations, discussions and votes should remain their private affair as long as they wish it. Therefore, the law gives you a unique privilege not to speak about the jury's work.
The lawyers and their representatives are not permitted to initiate any communication with you about the trial. However, you may speak to the lawyers or anyone else about the trial. You also have the right to refuse to speak with anyone. A request may come from those who are simply curious, or from those who might seek to find fault with you. It will be up to you to decide whether to preserve your privacy as a juror.
(In discharging the jury, the court should advise them of their further responsibilities, if any.)

COMMENT
After this instruction, the jury should be discharged and no further discussion should be had between the judge and the jurors, or between the attorneys and jurors, except in accordance with applicable law. See Fla.R.Civ.P. 1.431(h); R. Regulating Fla. Bar 4-3.5(d)(4).